**David J. FLORES, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–71938.
Agency No. A70–784–123.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.\*\*

Decided Aug. 19, 2004.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan E. Hill, Law Offices of Susan E. Hill, Los Angeles, CA, for Petitioner.

David J. Flores, Los Angeles, CA, pro se.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, John L. Davis, Anh–Thu P. Mai, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM***

David J. Flores, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision to affirm without opinion the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. This case is governed by the transitional rules and we have jurisdiction under 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review the IJ's determination of eligibility for asylum for substantial evidence and we deny the petition. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Flores failed to show that the guerrillas' recruitment efforts were motivated by a desire to persecute him because of his political opinion or any other statutorily protected ground. *See Elias–Zacarias*, 502 U.S. at 482–83, 112 S.Ct. 812. More-

over, Flores did not present sufficient evidence to compel a finding that he has an objectively reasonable fear of persecution upon his return to Guatemala. *See id.* Accordingly, substantial evidence supports the denial of his request for asylum.

Because Flores has failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc).

Flores' contention that the BIA's streamlining procedure is impermissible, circumscribes his right to an appeal, and violates due process lacks merit. *See* 8 C.F.R. § 1003.1(e)(4); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir. 2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897, 900 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.